UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

MELVIN PEREZ, LUIS MARTE, and JERIEL HOLQUIN,

                     Plaintiffs,

- against -

THE CITY OF NEW YORK, KENNETH DELISO, CALVIN BLACK, and "JOHN DOE" #1 and 2, in Their Individual Capacities and in Their Official Capacities,

                     Defendants

------------------------------------------------------------x

15CV0045(SAS)

COMPLAINT AND
DEMAND FOR JURY TRIAL

ECF CASE

Plaintiffs, by their attorneys, MICHELSTEIN and ASSOCIATES, PLLC, complaining of the defendants, allege:

**NATURE OF THE ACTION**

1. This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiffs Melvin Perez, Luis Marte and Jeriel Holquin by the Civil Rights Act of 1871, 42 U.S.C. §1983, and by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments.

2. Plaintiffs Melvin Perez, Luis Marte and Jeriel Holquin were lawfully present on Sheridan Avenue in the Bronx, New York, on May 26, 2012, when they were stopped and arrested by New York City police officer Kenneth Deliso, Calvin Black, and other New York City police officers, transported to the 44th precinct, where they were imprisoned, and subsequently transported to Bronx Central Booking, where they continued to be imprisoned until they were released without being charged with any crime after approximately 18 hours of imprisonment.

3. The defendants' actions were unlawful, and the plaintiffs brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of the plaintiffs' constitutional and civil rights.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claims occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Kenneth Deliso and Calvin Black can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

6. Plaintiff Melvin Perez is a citizen of the United States who resides in the County of Bronx, City and State of New York.

7. Plaintiff Luis Marte is a legal resident of the United States who resides in the County of Bronx, City and State of New York.

8. Plaintiff Jeriel Holquin is a citizen of the United States who resides in the County of Bronx, City and State of New York.

9. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

10. At all times relevant herein, defendant The City of New York maintained a police department.

11. Defendant Kenneth Deliso is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

12. At all times relevant herein, defendant Kenneth Deliso was acting within the scope of his employment by defendant The City of New York.

13. Defendant Calvin Black is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

14. At all times relevant herein, defendant Calvin Black was acting within the scope of his employment by defendant The City of New York.

15. Defendants "John Doe" #1 and 2 are natural persons who, at all times relevant to this action, were employed by defendant The City of New York as police officers.

16. At all times relevant herein, defendants "John Doe" #1 and 2 were acting within the scope of their employment by defendant The City of New York.

## STATEMENT OF CLAIMS

17. Plaintiffs incorporate by reference paragraphs 1 through 16 of this complaint as though the same were set forth fully herein.

18. On August 26, 2012, at approximately 2:35 a.m., plaintiffs Melvin Perez, Luis Marte and Jeriel Holquin were lawfully present on the sidewalk in front of the building at 1181 Sheridan Avenue, in the Bronx, New York.

19. At the above time and place, defendants Kenneth Deliso, Calvin Black, and "John Doe" #1 and 2 stopped each of the plaintiffs and demanded identification.

20. Following production of identification by each of the plaintiffs, defendants Kenneth Deliso, Calvin Black and "John Doe" #1 and 2 arrested plaintiffs Melvin Perez, Luis Marte and Jeriel Holquin.

21. Defendants Kenneth Deliso, Calvin Black and "John Doe" #1 and 2 did not have a warrant or other legal process authorizing the arrest of plaintiff Melvin Perez.

22. Defendants Kenneth Deliso, Calvin Black and "John Doe" #1 and 2 did not have a warrant or other legal process authorizing the arrest of plaintiff Luis Marte.

23. Defendants Kenneth Deliso, Calvin Black and "John Doe" #1 and 2 did not have a warrant or other legal process authorizing the arrest of plaintiff Jeriel Holquin.

24. Defendants Kenneth Deliso, Calvin Black and "John Doe" #1 and 2 handcuffed the plaintiffs.

25. The plaintiffs subsequently were transported to the 44th Precinct, where they were imprisoned.

26. The plaintiffs later were transported to Bronx Central Booking, where they continued to be imprisoned.

27. After approximately 18 hours of imprisonment, the plaintiffs were released without being charged with any crime or offense.

## COUNT ONE ON BEHALF OF MELVIN PEREZ
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

28. Plaintiffs incorporate by reference paragraphs 1 through 27 of this complaint as though the same were set forth fully herein.

29. The seizure, arrest, detention and imprisonment of plaintiff Melvin Perez by defendants Kenneth Deliso, Calvin Black and "John Doe" #1 and 2 were made without any warrant or other legal process directing or authorizing his seizure, arrest, detention or imprisonment.

30. The seizure, arrest, detention, and imprisonment of plaintiff Melvin Perez were made without probable cause to believe that he had committed a crime or offense.

31. The charge, if any, upon which defendants Kenneth Deliso, Calvin Black and "John Doe" #1 and 2 arrested plaintiff Melvin Perez was false.

32. The charge, if any, was made by defendants Kenneth Deliso, Calvin Black and "John Doe' #1 and 2 against plaintiff Melvin Perez with knowledge that it was false.

33. Plaintiff Melvin Perez was aware of his seizure, arrest, detention and imprisonment by defendants Kenneth Deliso, Calvin Black and "John Doe" #1 and 2.

34. Plaintiff Melvin Perez did not consent to his seizure, arrest, detention or imprisonment.

35. As a result of the foregoing, plaintiff Melvin Perez was deprived of his liberty, was imprisoned, was greatly embarrassed and humiliated, and was subjected to mental and physical distress.

36. The seizure, arrest, detention and imprisonment of plaintiff Melvin Perez deprived him of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

37. Defendants Kenneth Deliso, Calvin Black and "John Doe" #1 and 2 were acting under color of state law when they seized, arrested, detained and imprisoned plaintiff Melvin Perez.

38. Defendants Kenneth Deliso, Calvin Black and "John Doe" #1 and 2 deprived plaintiff Melvin Perez of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, arresting, detaining and imprisoning plaintiff Melvin Perez on a false criminal charge.

## COUNT TWO ON BEHALF OF MELVIN PEREZ
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

39. Plaintiffs incorporate by reference paragraphs 1 through 38 of this Complaint as though the same were set forth fully herein.

40. The acts complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

41. The acts complained of were carried out by the individual defendants in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

42. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence, without probable cause, in violation of the Fourth Amendment and the Fourteenth Amendment of the Constitution of the United States.

43. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

  (a) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

  (b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

  (c) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist;

(d) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests and during the processing of arrested individuals;

(e) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

44. The seizure, arrest, detention and imprisonment of plaintiff Melvin Perez on a false criminal charge resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

45. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, practice or custom of arresting persons on insufficient evidence.

46. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

47. Defendant The City of New York deprived plaintiff Melvin Perez of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and the Fourteenth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the requirements for warrantless arrests and the standards of probable cause for warrantless arrests,

## COUNT THREE ON BEHALF OF MELVIN PEREZ
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

48. Plaintiffs incorporate by reference paragraphs 1 through 47 of this Complaint as though the same were set forth fully herein.

49. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Kenneth Deliso, Calvin Black and "John Doe" #1 and 2 are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

50. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

51. Upon information and belief, defendant The City of New York failed to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights.

52. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

53. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Melvin Perez would be violated.

54. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals with whom its police officers come in contact, and more particularly, the civil rights of plaintiff Melvin Perez.

55. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

56. Defendant The City of New York deprived plaintiff Melvin Perez of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT FOUR ON BEHALF OF LUIS MARTE
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

57. Plaintiffs incorporate by reference paragraphs 1 through 56 of this complaint as though the same were set forth fully herein.

58. The seizure, arrest, detention and imprisonment of plaintiff Luis Marte by defendants Kenneth Deliso, Calvin Black and "John Doe" #1 and 2 were made without any warrant or other legal process directing or authorizing his seizure, arrest, detention or imprisonment.

59. The seizure, arrest, detention and imprisonment of plaintiff Luis Marte were made without probable cause to believe that he had committed a crime or offense.

60. The charge upon which defendants Kenneth Deliso, Calvin Black and "John Doe" #1 and 2 arrested plaintiff Luis Marte was false.

61. The charge was made by defendants Kenneth Deliso, Calvin Black and "John Doe" #1 and 2 against plaintiff Luis Marte with knowledge that it was false.

62. Plaintiff Luis Marte was aware of his seizure, arrest, detention, and imprisonment by defendants Kenneth Deliso, Calvin Black and "John Doe" #1 and 2.

63. Plaintiff Luis Marte did not consent to his seizure, arrest, detention or imprisonment.

64. As a result of the foregoing, plaintiff Luis Marte was deprived of his liberty, was imprisoned, was greatly embarrassed and humiliated, and was subjected to mental and physical distress.

65. The seizure, arrest, detention, and imprisonment of plaintiff Luis Marte deprived him of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

66. Defendants Kenneth Deliso, Calvin Black and "John Doe" #1 and 2 were acting under color of state law when they seized, arrested, detained, and imprisoned plaintiff Luis Marte.

67. Defendants Kenneth Deliso, Calvin Black and "John Doe" #1 and 2 deprived plaintiff Luis Marte of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, arresting, detaining and imprisoning plaintiff Luis Marte on a false criminal charge.

## COUNT FIVE ON BEHALF OF LUIS MARTE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

68. Plaintiffs incorporate by reference paragraphs 1 through 67 of this Complaint as though the same were set forth fully herein.

69. The seizure, arrest, detention and imprisonment of plaintiff Luis Marte on a false criminal charge resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

70. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, practice or custom of arresting persons on insufficient evidence.

71. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

72. Defendant The City of New York deprived plaintiff Luis Marte of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the requirements for warrantless arrests and the standards of probable cause for warrantless arrests,

## COUNT SIX ON BEHALF OF LUIS MARTE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

73. Plaintiffs incorporate by reference paragraphs 1 through 72 of this Complaint as

though the same were set forth fully herein.

74. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

75. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Luis Marte would be violated.

76. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals with whom its police officers come into contact, and more particularly, the civil rights of plaintiff Luis Marte.

77. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

78. Defendant The City of New York deprived plaintiff Luis Marte of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT SEVEN ON BEHALF OF JERIEL HOLQUIN
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

79. Plaintiffs incorporate by reference paragraphs 1 through 78 of this complaint as though the same were set forth fully herein.

80. The seizure, arrest, detention and imprisonment of plaintiff Jeriel Holquin by defendants Kenneth Deliso, Calvin Black and "John Doe" #1 and 2 were made without any warrant or other legal process directing or authorizing his seizure, arrest, detention or imprisonment.

81. The seizure, arrest, detention and imprisonment of plaintiff Jeriel Holquin were made without probable cause to believe that he had committed a crime or offense.

82. The charge upon which defendants Kenneth Deliso, Calvin Black and "John Doe" #1 and 2 arrested plaintiff Jeriel Holquin was false.

83. The charge was made by defendants Kenneth Deliso, Calvin Black and "John Doe" #1 and 2 against plaintiff Jeriel Holquin with knowledge that it was false.

84. Plaintiff Jeriel Holquin was aware of his seizure, arrest, detention and imprisonment by defendants Kenneth Deliso, Calvin Black and "John Doe" #1 and 2.

85. Plaintiff Jeriel Holquin did not consent to his seizure, arrest, detention, or imprisonment.

86. As a result of the foregoing, plaintiff Jeriel Holquin was deprived of his liberty, was imprisoned, was greatly embarrassed and humiliated, and was subjected to mental and physical distress.

87. The seizure, arrest, detention, and imprisonment of plaintiff Jeriel Holquin deprived him of his right to be secure in his person against unreasonable searches and seizures guaranteed by

the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

88. Defendants Kenneth Deliso, Calvin Black and "John Doe" #1 and 2 were acting under color of state law when they seized, arrested, detained and imprisoned plaintiff Jeriel Holquin.

89. Defendants Kenneth Deliso, Calvin Black and "John Doe" #1 and 2 deprived plaintiff Jeriel Holquin of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, arresting, detaining and imprisoning plaintiff Jeriel Holquin on a false criminal charge.

## COUNT EIGHT ON BEHALF OF JERIEL HOLQUIN
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

90. Plaintiffs incorporate by reference paragraphs 1 through 89 of this Complaint as though the same were set forth fully herein.

91. The seizure, arrest, detention and imprisonment of plaintiff Jeriel Holquin on a false criminal charge resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

92. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, practice or custom of arresting persons on insufficient evidence.

93. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless

arrests without probable cause.

94. Defendant The City of New York deprived plaintiff Jeriel Holquin of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the requirements for warrantless arrests and the standards of probable cause for warrantless arrests,

## COUNT NINE ON BEHALF OF JERIEL HOLQUIN
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

95. Plaintiffs incorporate by reference paragraphs 1 through 94 of this Complaint as though the same were set forth fully herein.

96. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

97. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Jeriel Holquin would be violated.

98. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals with whom its police officers come into contact, and more particularly, the civil rights of plaintiff Jeriel Holquin.

99. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

100. Defendant The City of New York deprived plaintiff Jeriel Holquin of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court grant the following relief:

A. Award the plaintiffs compensatory damages to be determined by the jury at the time of trial;

B. Award the plaintiffs punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiffs reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiffs request a jury trial on all questions of fact raised by their Complaint.

Dated: New York, New York
       January 2, 2015

MICHELSTEIN and ASSOCIATES, PLLC

By: _____
Steven D. Michelstein (SM3323)
Attorneys for Plaintiff
485 Madison Avenue
New York, New York 10022
Email: malaw485@yahoo.com
(212) 588-0880